William Wesley Johnson, Plaintiff-Appellant, v. Pennsylvania Railroad Company, Defendant-Appellee.

Gen. No. 47,260.

First District, Second Division.
May 28, 1958.
Released for publication July 1, 1958.

Fuerst & Fuerst, Schwartzberg & Barnett, and David Alswang, all of Chicago (David Alswang, of counsel) for appellant.

Kirkland, Fleming, Green, Martin & Ellis (Robert H. Bierma, A. L. Foster, Max E. Wildman, and William R. Jentes, of counsel) for appellee.

PRESIDING JUSTICE KILEY delivered the opinion of the court.

This is an F. E. L. A. case with verdict of not guilty and judgment against plaintiff who has appealed.

On June 14, 1955, at about 3:30 A. M. plaintiff, then a hostler employed by defendant in its Hawthorne Yards near Indianapolis, fell from the side of a locomotive while engaged in the filling of a locomotive sand box. The sand boxes were filled from an overhead trackside container of sand, by means of a flexible rubber and wire hose about sixteen feet long and three inches in diameter. The outlet end of the hose was a ten inch steel section, with a shutoff valve to control the flow of sand.

Plaintiff had filled the "front" sand boxes located on top of the steam locomotive boiler near the center. He then walked on a "running board" along the right side of the boiler toward the front "door" of the locomotive cab. He inserted the hose through the open "door" and into the top of the "rear" sand box on that side of the cab. While in the process of removing the hose from the cab, he fell from the "running board" about ten feet to the ground.

The question is whether the judgment ought to be reversed for alleged errors in the trial.

Plaintiff contends that the trial court erred in striking from the complaint the following charges: "c) In causing and permitting the sand hose . . . to be filled with sand and to be too heavy and cumbersome for one man to handle. d) In failing to furnish plaintiff with adequate and sufficient assistance . . . to perform the work. . ." He also claims that the court erroneously refused to instruct the jury on these charges as he requested and in giving an instruction which omitted the charges.

Defendant argues that there was no "proven charge" withdrawn from the jury; that plaintiff did not object to the ruling; and that the charges were stricken to clarify the issues.

■ There is no merit to defendant's first argument. There was testimony that the running board upon which plaintiff stood was about two feet wide of which only one and one half feet could be stood on because of the locomotive boiler curve; that the surface of the board was "worn and smooth" with the ridges gone on the part where he was standing; that to fill the sand box inside the cab he had to lean through the "front door," bend over in a "stooped position" and twist his body to the right to insert the end of the hose into the box and use the control valve; that he filled the box, pulled up the hose and "backed out" from the opening; that he had to use both hands on the hose which weighed one hundred pounds; and that the sand hose was "strictly for diesels." There was also testimony that plaintiff asked his superior for help in sanding "this engine" because it was "hard for one man to sand it by himself," and that he told another superior that one man should be inside the cab and one outside so that while the hose was being fed out of the cab, the outside man could hold the hand rail along the locomotive boiler. He was not given help and was told that if he dropped the hose he would be given "time off." We think these facts were enough prima facie to take the charges to the jury. Rogers v. Missouri Pacific R. Co., 352 U. S. 500, 506.

■ A fair reading of the record of the colloquy between the court and counsel on the motion to strike the charges leaves no room for a conclusion that plaintiff agreed to the motion or the ruling. He argued the evidence supporting the charges, agreed to some amendments of some charges of negligence but refused to eliminate the charges and expressed the desire to protect his right to complain of the ruling.

After striking the specific charges, the trial court refused an instruction for plaintiff which included these charges and submitted an interrogatory to the

jury which virtually eliminated the charges from jury consideration by focusing the jury's attention upon the question of defendant's negligence based on the condition of the running board. These events plus the presence of the running board as an exhibit contributed to bring about a prejudicial result.

■ ■ The interrogatory submitted to the jury over the objection of plaintiff at the request of the defendant read as follows: "Was the condition of the running board in question on defendant's locomotive the proximate and direct cause of the plaintiff's fall?"

The U. S. Supreme Court in Rogers v. Missouri Pac. R. Co., 352 U. S. 500, 507–508, in deciding the question of proximate cause had no place in F. E. L. A. cases stated:

"The employer is stripped of his common-law defenses and for practical purposes the inquiry in these cases today rarely presents more than the single question whether negligence of the employer played any part, however small, in the injury or death which is the subject of the suit."

The special interrogatory should not have been given for the reason that it presupposes a burden, of proving proximate cause, which plaintiff did not have. We need not decide whether the giving of the special interrogatory was erroneous for any other reason.

We are of the opinion, for the reasons given, that reversible error was committed at the trial and that the case should be retried.

■ Plaintiff complains of the admission of the running board in evidence. Defendant's witness identified the board as the one he had examined on the locomotive about one and a half hours after plaintiff's fall; that about a year and a half later he removed the board from that locomotive, put identifying marks on it and identified them at the trial as the marks he put there; that the board had not been repaired since

512

the day of plaintiff's fall; and that the board was in the same condition as it was at the time he examined it the day plaintiff fell. The long space of time between the time of the examination of the board by the witness and its removal from the locomotive is not as significant as it would be were the exhibit a less stable object. Neither is the lack of testimony that it was in the same condition when examined as when plaintiff fell significant. We think that there was enough testimony to bring the question of admissibility into the discretion of the trial court. Staver Carriage Co. v. American & British Mfg. Co., 188 Ill. App. 634, 647. There was no abuse of discretion in the ruling on the admission of the board itself, but its introduction as an exhibit gave further emphasis to one specific charge of negligence and de-emphasized other specific charges.

■ On retrial defendant's instruction no. 15 should not be given. We think a clear statement of the F. E. L. A. rule with respect to negligence and contributory negligence should be required in a peremptory instruction. Defendant's instruction no. 13 is also faulty for the evidence would justify only a finding either that plaintiff fell because of his own carelessness or of defendant's or of both. There was no evidence that his fall was an accident. Instructions no. 5 and no. 7 for defendant should not be given, neither should no. 18. The first two have been condemned repeatedly; the third uses the word "only" in a way that could be misunderstood.

We have decided the questions we think necessary for decision and have commented on others which bear on the retrial. For the reasons given the judgment is reversed and the cause remanded for new trial.

Reversed and remanded.

LEWE and MURPHY, JJ., concur.